IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD L. LARSON,

    Petitioner,

vs.                                        Civ. No. 96-434 HB/LCS

DONALD A. DORSEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon the Respondent's Motion to Dismiss, filed September 30, 1996.[1] In his motion, the Respondent argues that this 28 U.S.C. §2254 petition should be dismissed for being a successive petition and an abuse of the writ. The Petitioner filed the instant petition on April 1, 1996.[2] On the same day, the Petitioner filed another §2254 petition in cause number CIV 96-433 HB/LCS. The record also indicates that the Petitioner previously filed at least one other §2254 petition in this district in cause number CIV 89-816 JP/WWD.

---

[1] This matter is before the Court as a result of the Order and Judgment, filed January 29, 1998 by the Tenth Circuit Court of Appeals.

[2] Because the instant petition was filed prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 104 (1996), and its amendments relating to successive petitions, I will address the present cause under the pre-Act law.

1

2. The successive petition in this case is a new-claim (rather than same-claim) successive petition.[3] A claim which has not been presented before or which was not presented on the merits will not receive full consideration on the merits if there has been an abuse of the writ. **See McCleskey v. Zant**, 499 U.S. 467, 492 (1991). The abuse of the writ doctrine bars claims unless the petitioner can satisfy the cause and prejudice standard used in procedural default cases or show that a fundamental miscarriage of justice would occur if the claims are not considered. **Id.**

3. The Petitioner stated in his third §2254 petition that he had not previously raised some of his claims because he knew little about the law. §2254 Petition at ¶13. Any leniency requested by the Petitioner based on his *pro se* status would be misplaced because the "cause and prejudice" standard applies to *pro se* prisoners just as it applies to prisoners represented by counsel. **Watson v. State of New Mexico**, 45 F.3d 385, 388 n.3 (10th Cir. 1995) (cit. omitted). Accordingly, the Petitioner's lack of legal knowledge does not justify filing this third §2254 petition.

4. The Petitioner also asserts that the third §2254 petition is not successive because it attacks the judgment of the state magistrate court. The Petitioner implies that the "judgment" consisted of the letter agreement the Petitioner entered into with the prosecution shortly after the criminal complaint was filed in the state magistrate court. The Petitioner argues that his previous two §2254 petitions attacked the judgment he received in state district court. The Petitioner's argument is flawed for several reasons. First, the state magistrate court never entered a judgment against the Petitioner. **State v. Larson**, 107 N.M. 85, 86, 752 P.2d 1101, 1102 (Ct. App.), **cert.**

---

[3] The government traditionally bears the burden of pleading abuse of the writ. **See McCleskey v. Zant**, 499 U.S. 467, 492 (1991). The Respondent has carried that burden in his Motion to Dismiss.

**denied**, 107 N.M. 74, 752 P.2d 789 (1988).  There is also no evidence that the state magistrate court was a party to the letter of agreement.  **See State v. Doe**, 103 N.M. 178, 181, 704 P.2d 432 (Ct. App. 1984)("an agreement not to prosecute, unless made under a grant of immunity duly approved by a court, is not expressly sanctioned by court rule or statute").  In fact, the state magistrate court dismissed the pending charges against the Petitioner when he entered into the letter agreement.  **Id.**  Second, the state district court, not the state magistrate court, found that the Petitioner breached the letter agreement.  **Id.** at 87, 752 P.2d at 1103.  Third, the Petitioner was prosecuted and convicted in state district court.  **Id.** at 88, 752 P.2d at 1104. Under these circumstances, I find the Petitioner's assertion that he is attacking the state magistrate court's "judgment" to be without merit.  The above discussion leads me to conclude that the Petitioner has neither shown cause and prejudice or a miscarriage of justice so as to excuse the filing of this successive third petition.  Consequently, I find that the Petitioner abused the writ when he filed the instant petition.

Recommended Disposition

I recommend granting the Respondent's Motion to Dismiss and dismissing this matter with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and

recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE